16 F.3d 413
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert J. MILLER, Defendant-Appellant.
 No. 93-5644.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 20, 1994
Decided Feb. 8, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CR-93-63-3)
 Lawrence J. Lewis, Huntington, WV, for Appellant.
 Charles T. Miller, U.S. Atty., Sharon M. Frazier, Asst. U.S. Atty., Huntington, WV, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER, WILKINS and HAMILTON, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Robert J. Miller pled guilty to one count of conspiracy to knowingly transport stolen goods worth more than $5000, in violation of 18 U.S.C. Sec. 371 (1988), and one count of knowingly transporting stolen goods worth $6450, in violation of 18 U.S.C.A. Sec. 2314 (West Supp.1993). Miller appeals his thirty-seven-month sentence. He contends that the district court clearly erred in finding him a leader or organizer in the conspiracy. United States Sentencing Commission, Guidelines Manual, Sec. 3B1.1(a) (Nov.1992). He also claims that the court engaged in impermissible double-counting when it increased his base offense level both for more than minimal planning, U.S.S.G. Sec. 2B1.2(b)(4)(B), and for his leadership role in the offense. We affirm.
 
 
 2
 For several years, Miller and others shoplifted computer software packages from retail computer stores all over the country. The software was then sold to a fence in West Virginia. Miller asserted in his objection to the presentence report that the role enhancement was undeserved because he had not been involved with five or more participants at any one time, and because everyone in the scheme had participated as equals. At the sentencing hearing, defense counsel asserted that Miller had been recruited by co-conspirators Sherry Owen and James Davidson. He conceded that more than five people were involved in the overall conspiracy.
 
 
 3
 The government presented evidence gleaned from co-conspirators Owen, Gary Garasha, and Robert Lateer. All three stated that Miller had recruited them into the conspiracy. They also agreed that, at least initially, Miller made all the arrangements for travel to different cities, inventoried the stolen software, and took care of packaging and transporting it to the fence--a person Miller had dealt with for many years--and also disbursed the money received from the fence. Miller did not testify or present other evidence. Considering this evidence, the district court was not clearly erroneous in finding, by a preponderance of the evidence, that Miller was an organizer or leader in the offense.
 
 
 4
 In United States v. Curtis, 934 F.2d 553, 556 (4th Cir.1991), we held that separate sentencing enhancements based on the same facts are permissible unless specifically prohibited by the guidelines. Miller asks us to reconsider this decision, which we decline to do. Following Curtis, the district court did not err in making a two-level enhancement for more than minimal planning and a four-level enhancement for Miller's leadership role.
 
 
 5
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED